# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORMA JEANNE BRUMLEY MURRAH, ON BEHALF OF HERSELF AND ON BEHALF AND AS TRUSTEE FOR THE JEANNE BRUMLEY REVOCABLE TRUST, AND ALL OTHERS SIMILARLY SITUATED,<br><br>          Plaintiff,<br><br>vs.<br><br>EOG RESOURCES, INC. (including predecessors and successors),<br><br>          Defendant. | Case No. CIV-10-994-M |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed September 21, 2010. On October 12, 2010, plaintiff filed her response, and on October 19, 2010, defendant filed its reply.

On August 20, 2010, plaintiff filed the instant action in the District Court of Texas County, Oklahoma. Plaintiff alleges that defendant underpaid royalties on natural gas and constituents thereof from all wells in Oklahoma operated by defendant or in which defendant owns or owned working interests from January 1, 1987 to the current time. Plaintiff seeks damages, an accounting, and other relief based upon theories of breach of oil and gas leases, unjust enrichment, and fraud, deceit, and constructive fraud. On September 14, 2010, defendant removed this action to this Court.

Defendant now moves this Court, pursuant to Federal Rules of Civil Procedure 10(a) and 12(b)(6) to dismiss: (1) plaintiff's Class Action Petition as to any unnamed "predecessors and successors", (2) all of plaintiff's claims to the extent that plaintiff seeks to impose liability on defendant as a successor or successor in interest, predecessor or predecessor in interest, and/or affiliate of unnamed entities, and (3) plaintiff's claim of unjust enrichment.

I.      Unnamed Predecessors and Successors

In the caption of her Class Action Petition, plaintiff names "EOG Resources, Inc. (including predecessors and successors)" as the defendant. Defendant contends that plaintiff's Class Action Petition should be dismissed as to unnamed predecessors and successors based upon plaintiff's violation of Rule 10(a). Plaintiff contends that the primary purpose of Rule 10(a) is to prevent litigants from purposively trying to hide their own identities from the public and that courts take a very practical approach to defendants not specifically named in the caption at the outset of the lawsuit. Additionally, plaintiff contends that defendant EOG Resources, Inc. is fully, and possibly uniquely, aware of its own affiliated predecessors and successors with respect to the Oklahoma wells at issue and, therefore, surprise is not a concern in this case.

Rule 10(a) provides:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. <u>The title of the complaint must name all the parties</u>; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 10(a) (emphasis added).

Although plaintiff was aware of at least some of defendant EOG Resources, Inc.'s predecessors and affiliates, *see* Class Action Petition at ¶ 6, plaintiff did not specifically name any of these companies as a defendant in this action. Plaintiff simply used the generic phrase "including predecessors and successors" in the caption. The Court finds the use of this generic phrase violates Rule 10(a). Therefore, the Court finds that plaintiff's Class Action Petition should be dismissed as to these unnamed predecessors and successors.

II. <u>Liability Based upon Defendant as a Successor or Successor in Interest, Predecessor or Predecessor in Interest, and/or Affiliate of Unnamed Entities</u>

Defendant asserts that plaintiff has failed to state a claim for relief against it that is plausible on its face to the extent that plaintiff seeks to impose liability on defendant as a successor or successor in interest, predecessor or predecessor in interest, or affiliate. In her response, plaintiff states that she seeks only to hold defendant liable for the acts of affiliated predecessors or affiliated successors. Based upon plaintiff's statement, the Court finds that any claims asserted in plaintiff's Class Action Petition which seek to hold defendant liable as the successor in interest or predecessor in interest of unaffiliated persons or entities should be dismissed.

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a

3

complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* at 1949 (internal quotations and citations omitted).

> As a general rule, when one company sells or otherwise transfers all its assets to another company, the successor is not liable for the debts and liabilities of the seller. The four exceptions to this rule are when:
>
> 1) there is an agreement to assume such debts or liabilities;
>
> 2) there is a consolidation or merger of the corporations;
>
> 3) the transaction was fraudulent in fact; or
>
> 4) the purchasing corporation is a mere continuation of the selling company.

*Crutchfield v. Marine Power Engine Co.*, 209 P.3d 295, 300 (Okla. 2009).

Having carefully reviewed plaintiff's Class Action Petition, the Court finds plaintiff has set forth no factual allegations that would support the imposition of liability upon defendant for the acts of any affiliated predecessors or affiliated successors. Specifically, plaintiff has set forth no facts to show that any of the four above-noted exceptions would apply in this case. Accordingly, the Court finds that any claims asserted in plaintiff's Class Action Petition which seek to hold defendant liable as the successor in interest or predecessor in interest of affiliated persons or entities should be dismissed.

### III. Unjust Enrichment Claim

Defendant also asserts that plaintiff has failed to allege a plausible claim for unjust enrichment because the only relationship between the parties alleged by plaintiff is a contractual relationship, and recovery for unjust enrichment may not be had where the parties' relationship is governed by an express contract. Plaintiff contends that she is entitled to plead alternative theories of recovery, both in law and in equity, at this early stage of the proceedings.

Generally, where a plaintiff has an adequate remedy at law, the Court will not ordinarily exercise its equitable jurisdiction to grant relief for unjust enrichment. *Hydro Turf, Inc. v. Int'l Fid. Ins. Co.*, 91 P.3d 667, 673 (Okla. Civ. App. 2004); *Robertson v. Maney*, 166 P.2d 106, 108 (Okla. 1946). However, a party may allege an equitable claim as an alternative to a contract-based claim so long as the party is not permitted double recovery on the same injury. *Burlington N. and Santa Fe Ry. Co. v. Grant*, 505 F.3d 1015, 1030 (10th Cir. 2007). Accordingly, the Court finds that plaintiff is entitled to plead alternative theories of recovery – breach of lease and unjust enrichment – and that plaintiff's unjust enrichment claim, therefore, should not be dismissed on this basis. Additionally, the Court finds that plaintiff has pled sufficient facts to support her unjust enrichment claim.

IV. Leave to Amend Class Action Petition

In her response, plaintiff seeks leave of Court to amend her Class Action Petition if the Court finds it to be deficient. Having reviewed the parties' submissions, the Court finds plaintiff should be granted leave to amend her Class Action Petition.

V. Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Dismiss [docket no. 11] as follows:

(A) The Court DENIES defendant's Motion to Dismiss as to plaintiff's unjust enrichment claim; and

(B) The Court GRANTS defendant's Motion to Dismiss as to claims against unnamed predecessors and successors and as to any claims which seek to hold defendant liable as the successor in interest or predecessor in interest of affiliated or unaffiliated persons or entities and DISMISSES said claims.

Further, the Court GRANTS plaintiff leave to amend her Class Action Petition; said Amended Class Action Petition shall be filed within twenty-one (21) days of the date of this Order.

**IT IS SO ORDERED this 21st day of January, 2011.**

*[signature]*
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE