# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NORMA JEANNE BRUMLEY MURRAH, ON BEHALF OF HERSELF AND ON BEHALF AND AS TRUSTEE FOR THE JEANNE BRUMLEY REVOCABLE TRUST, AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-10-994-M |
| EOG RESOURCES, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Amend, filed February 10, 2011. On March 2, 2011, defendant filed its response, and on March 9, 2011, plaintiff filed her reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff moves to amend her petition in the following particulars: (1) to convert the state court petition to a federal court complaint; (2) to add Enron Oil & Gas Company ("Enron") as a named party; (3) to add a claim for breach of fiduciary duty, and (4) to add a claim for breach of the implied duty of good faith and fair dealing. Defendant does not object to amending the petition to convert it to a federal court complaint or to add a claim for breach of fiduciary duty. Accordingly, the Court finds that plaintiff should be granted leave to amend her petition to convert it to a federal court complaint and to add a claim for breach of fiduciary duty.

Defendant, however, does object to amending the petition to add Enron as a named party and to add a claim for breach of the implied duty of good faith and fair dealing, asserting that such amendments would be futile. "Under Federal Rule of Civil Procedure 15(a), a district court may

deny leave to amend pleadings due to, among other reasons, futility of the amendment." *United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (internal quotations and citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (internal quotations omitted).

Defendant contends that an amendment to add Enron would be futile because no such entity exists. It is undisputed that on August 30, 1999, Enron changed its name to EOG Resources, Inc. and is now the same company as EOG Resources, Inc., the defendant in this action. Plaintiff asserts that Enron is an affiliated predecessor of defendant. Plaintiff further asserts that Enron exists as part of defendant and consequently both parties should remain named as separate defendants. Finally, plaintiff asserts that it makes little difference whether Enron is separately named or generically named as an "affiliated predecessor" because legally defendant is liable for any wrongdoing by its affiliated predecessor.[1]

Having carefully reviewed the parties' submissions, the Court finds that amending plaintiff's petition to add Enron, a company that both parties agree no longer exists, would be futile. However, the Court finds that it would not be futile to amend plaintiff's petition to change defendant from "EOG Resources, Inc." to "EOG Resources, Inc., f/k/a Enron Oil & Gas Company."

Defendant also contends that an amendment to add a claim for "tortious breach of lease" based upon the implied covenant of good faith and fair dealing would be futile because a claim for "tortious breach of lease" is not a valid claim under Oklahoma law. This Court has previously held

---

[1]By Order of January 21, 2011, this Court granted defendant's motion to dismiss as to claims against unnamed predecessors.

that the relationship between a royalty owner and operators is not the type of special relationship that will give rise to a claim for tortious breach of the implied covenant of good faith and fair dealing under Oklahoma law. *See Morrison v. Anadarko Petro. Corp.*, Case No. CIV-10-135-M, July 6, 2010 Order [docket no. 34] at 5-7. Plaintiff, however, asserts that recent case law from the Oklahoma Supreme Court has made such a claim viable.

In *Embry v. Innovative Aftermarket Sys. L.P.*, No. 107,777, 2010 WL 4736729, at *2 (Okla. Nov. 23, 2010), the Oklahoma Supreme Court held:

> an insurance contract is not required to support tort liability for bad faith but instead such liability depends upon the existence of a "special relationship" under a contract (like the "special relationship" of an insurer and insured).
> The "special relationship" that gives rise to tort liability for bad faith is marked by (1) a disparity in bargaining power where the weaker party has no choice of terms, also called an adhesion contract, and (2) the elimination of risk.

In her reply, plaintiff sets forth a detailed argument as to how the relationship in the case at bar satisfies the "special relationship" test set forth in *Embry*.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff's proposed amendment is not clearly futile and plaintiff should be granted leave to amend her petition to add a claim for "tortious breach of lease" based upon the implied covenant of good faith and fair dealing. The Court finds granting plaintiff leave to amend is particularly appropriate at this stage of the proceedings, and once plaintiff's petition is amended, defendant will have the opportunity to file any motion to dismiss or motion for summary judgment as to this claim.

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion to Amend [docket no. 21]. Plaintiff is granted leave to amend her petition as follows: (1) to convert the state court petition to a federal court complaint; (2) to change defendant from "EOG Resources,

Inc." to "EOG Resources, Inc., f/k/a Enron Oil & Gas Company"; (3) to add a claim for breach of fiduciary duty, and (4) to add a claim for "tortious breach of lease" based upon the implied covenant of good faith and fair dealing.

**IT IS SO ORDERED this 22nd day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE